1 | HANSON BRIDGETT LLP
JAHMAL T. DAVIS, SBN 191504
2 | 425 Market Street, 26th Floor
San Francisco, California 94105
3 | Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366
4 |
Attorneys for Defendant
5 | SUTTER GOULD MEDICAL FOUNDATION

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10

11 | CARMEN SERRANO,

CASE NO.

12 |              Plaintiff,

(San Joaquin County Superior Court,
Case No. 39-2015-00327752-CU-WT-STK)

13 |        v.

14 | SUTTER GOULD MEDICAL
FOUNDATION; and DOES 1 through 50,

**DEFENDANT SUTTER GOULD
MEDICAL FOUNDATION'S
NOTICE OF REMOVAL**

15 |              Defendants.

16 |

**28 U.S.C. §1441(a)
Federal Question Jurisdiction**

17 |     **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

18 | **EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF CARMEN SERRANO**

19 | **AND HER ATTORNEY OF RECORD:**

20 |        PLEASE TAKE NOTICE that Defendant SUTTER GOULD MEDICAL

21 | FOUNDATION ("Defendant"), by its undersigned attorneys, hereby remove to this Court

22 | the state court action described below:

23 |    1.  Jurisdiction:  This action is a civil action of which this Court has original jurisdiction

24 | under 28 U.S.C. section 1331 and is one that may be removed to this Court from the

25 | Superior Court of the State of California, County of San Joaquin, where the action was

26 | initiated.  This action may be removed by Defendants pursuant to the provisions of

27 | 28 U.S.C. sections 1441(a) and 1446.

28 | / / /

11516658.1

a. Federal district courts have original jurisdiction over cases founded on a claim or right arising under federal law, regardless of the citizenship or diversity. 28 U.S.C. § 1331. When a case involving a federal question is brought in state court, a defendant may remove it to the federal district court embracing the place where the state court action is pending. 28 U.S.C. § 1441(a).

b. The Family Medical Leave Act, as amended (FMLA), entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons. 29 U.S.C. § 2601, *et. seq.* The FMLA also prohibits discrimination and retaliation against persons exercising their rights under the Act. *Id.* Here, Plaintiff alleges that Defendant violated her rights which are protected by the FMLA. Resolving these claims requires the application of federal law—the FMLA. Therefore, the FMLA provides this court original jurisdiction over Plaintiff's claims.

2. <u>State Court Action</u>:

a. On July 1, 2015, Plaintiff Carmen Serrano ("Plaintiff") filed an unverified Complaint in the Superior Court of California, County of San Joaquin, entitled *Carmen Serrano v. Sutter Gould Medical Foundation; and Does 1 through 50,* Case No. 39-2015-00327752-CU-WT-STK. The Complaint included a cause of action for violation of the Family and Medical Leave Act, 29 U.S.C. sections 2610, *et. seq.* Defendant was served on August 5, 2015. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A. Plaintiff's Complaint asserts eleven causes of action: (1) disability discrimination in violation of California Fair Employment and Housing Act; (2) encouraging a violation of the California Fair Employment and Housing Act; (3) failure to take all reasonable steps to prevent

-2-

1    discrimination from occurring in violation of the California Fair

2    Employment and Housing Act; (4) failure to accommodate disability

3    in violation of the California Fair Employment and Housing Act;

4    (5) failure to engage in the interactive process in violation of the

5    California Fair Employment and Housing Act; (6) violation of the

6    California Family Rights Act; (7) violation of the Family Medical

7    Leave Act; (8) intentional infliction of emotional distress; (9) breach

8    of contract; (10) breach of the covenant of good faith and fair

9    dealing; and (11) wrongful termination in violation of public policy.

10   b.   The first date on which Defendant received a copy of the Complaint

11   was August 5, 2015, when they were served with a copy of the state

12   court Complaint and Summons.  A true and correct copy of the

13   Summons personally served on Defendant on August 5, 2015 is

14   attached hereto as Exhibit B.

15   c.   On September 4, 2015, Defendant filed an Answer to Plaintiff's

16   unverified Complaint in the Superior Court of California, County of

17   San Joaquin.  A true and correct copy of Defendant's Answer is

18   attached hereto as Exhibit F.

19   3.  Timeliness of Removal:  Defendant was first served with Plaintiff's unverified

20   complaint on August 5, 2015.  This Notice of Removal is timely because Defendant filed it

21   "within thirty (30) days after the receipt by Defendant, through service or otherwise, a

22   copy of the initial pleading setting forth the claim for relief upon which this action is

23   based."  See 28 U.S.C. § 1446(b).

24   4.  Venue:  Venue lies in the United States District Court for the Eastern District of

25   California in that the state court action was filed and is pending in the Superior Court of

26   the State of California in and for the County of San Joaquin, which is in this judicial

27   district.

28   / / /

11516658.1

-3-

DEFENDANT SUTTER GOULD MEDICAL
FOUNDATION'S NOTICE OF REMOVAL

1    5.  Intradistrict Assignment:  Assignment to the Sacramento Division of the United

2  States District Court for the Eastern District in California is proper under 28 U.S.C.

3  § 1441(a) and Civil Local Rule 120(d) because the state court action was filed and is

4  pending in the County of San Joaquin.

5    6.  State Court Documents:  Pursuant to 28 U.S.C. section 1446(a), Defendant has

6  included with this Notice of Removal "a copy of all process, pleadings, and orders served

7  upon such defendant…in such action."  Defendant has also included a copy of its Answer

8  filed in the Superior Court of the State of California in and for the County of San Joaquin.

9  These documents are attached hereto and incorporated by reference:

10                     a.  Plaintiff's Unverified Complaint for Damages—Exhibit A;

11                     b.  Summons filed January 28, 2015—Exhibit B;

12                     c.  Plaintiff's Civil Case Cover Sheet, filed July 1, 2015—Exhibit C;

13                     d.  Notice of Case Assignment and Scheduling Information and Notice

14                          of Hearing—Exhibit D;

15                     e.  ADR Packet served on August 5, 2015—Exhibit E; and

16                     f.   Defendant Sutter Gould Medical Foundation's Answer to Unverified

17                          Complaint in Superior Court of California, County of San Joaquin—

18                          Exhibit F.

19    7.  Service:  Written Notice and Proof of Service of the filing of this Notice of Removal

20  by Defendant will be served upon all parties as required by law.

21    WHEREFORE, Defendant now respectfully requests that this action proceed

22  against it in this Court as an action properly removed.

23

24  DATED:  September 4, 2015                    HANSON BRIDGETT LLP

25

26                                   By:_____/s/Jahmal T. Davis_____
                                         JAHMAL T. DAVIS
27                                       Attorneys for Defendant
                                         SUTTER GOULD MEDICAL FOUNDATION
28

# EXHIBIT A

1 | Michael R. Dennis, SBN 215970
2 | CRABTREE SCHMIDT
1100 14TH Street, Suite E, 2nd Floor
3 | P.O. Box 3307
Modesto, CA 95353-3307
4 | Telephone: (209) 522-5231
Facsimile : (209) 526-0632
5
Attorneys for Plaintiff,
6 | CARMEN SERRANO

FILED

15 JUL -1 PM 3:32

ROSA JUNGUEIRO, CLERK
BY NATALIE SUSICH
DEPUTY

~~~~~~~ L. LOFTHUS IN
DEPARTMENT 11 FOR ALL PURPOSES,
INCLUDING TRIAL

## SUPERIOR COURT OF CALIFORNIA,

## COUNTY OF SAN JOAQUIN

| CARMEN SERRANO, | Case No.: 39-2015-00327752-CU-WT-STK |
|---|---|
| Plaintiff | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | (Unlimited Jurisdiction) |
| **SUTTER GOULD MEDICAL FOUNDATION; and DOES 1 through 50,** | 1. Violation of California Fair Employment and Housing Act - Disability Discrimination |
| Defendants | 2. Encouraging Violation of California Fair Employment and Housing Act |

1. Violation of California Fair Employment and Housing Act - Disability Discrimination
2. Encouraging Violation of California Fair Employment and Housing Act
3. Failure to Take All Reasonable Steps to Prevent Disability Discrimination From Occurring (Gov't Code §12940(k).)
4. Failure to Accommodate Disability in Violation of California Fair Employment and Housing Act
5. Failure to Engage in the Interactive Process in Violation of California Fair Employment and Housing Act
6. Violation of Government Code 12945.2 - California Family Rights Act
7. Violation of Family Medical Leave Act
8. Intentional Infliction of Emotional Distress
9. Breach of Contract
10. Breach of The Covenant of Good Faith and Fair Dealing
11. Wrongful Termination in Violation of Public Policy

Plaintiff, CARMEN SERRANO (hereinafter "Ms. SERRANO") complains and alleges

against SUTTER GOULD MEDICAL FOUNDATION, (hereinafter "SUTTER"), and DOES 1

through 50 (hereinafter "DOES 1-50") as follows:

///

*Complaint*
1

**I.**

**GENERAL ALLEGATIONS**

1. Ms. SERRANO, at all relevant times, was and is a resident of San Joaquin County, California.

2. Defendant, SUTTER, is, and at all times mentioned in this Complaint was, an entity of unknown classification, duly organized and existing under California law, and conducts business in the City of Stockton, San Joaquin County, California.  Defendant is an employer in the State of California as "employer" is defined in the California Fair Employment and Housing Act ("FEHA") in that defendant regularly employs five or more persons in the State.  (Gov't C. §12926(d).)  Furthermore, SUTTER employs fifty or more employees within seventy-five miles of Ms. SERRANO's workplace, making SUTTER a covered employer under the California Family Rights Act ("CFRA") (Gov't C. §12945.1(2)(A) and the Family Medical Leave Act ("FMLA") (29 USC §2611(4)(A).

3. Ms. SERRANO was at all relevant times an employee of defendants and, during all relevant times herein, worked under their supervision.  Starting in 2007, Ms. SERRANO began working full time for SUTTER as a Certified Nursing Assistant.  Therefore, she is a covered employee under the CFRA (2 Cal. Code Regs §11087(e)) and the FMLA (29 USC §2611(2)(A).)

4. Venue is proper in the County of San Joaquin because the unlawful employment practices alleged herein occurred at SUTTER's facility, located in the City of Stockton, California.

5. Unless otherwise alleged in this Complaint, Ms. SERRANO is informed and believes, and on the basis of that information and belief, alleges that at all times mentioned in this Complaint, defendants were the agents and employees of their co-defendants and, in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.  All actions of each defendant were ratified and approved by the officers and/or managing agents of every other defendant.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 50, inclusive, are unknown to Ms. SERRANO, who therefore sues said defendants by such fictitious names pursuant to Code of Civil Procedure §474. Ms. SERRANO is informed and believes, and thereupon alleges, that each defendant sued under such fictitious name is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant and employee with the permission and consent of the co-defendants. Ms. SERRANO will seek leave of this court to amend this Complaint and any subsequent pleadings, to reveal said defendants' true names and capacities, once the same have been ascertained.

7. The State Department of Fair Employment and Housing issued Ms. SERRANO a right to sue letter as against the named defendant, and Ms. SERRANO, therefore, exhausted her administrative remedies prior to filing suit.

## II.

### FACTUAL ALLEGATIONS

8. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 7, inclusive, of this Complaint as if fully set forth herein.

9. Starting in 2007, Ms. SERRANO began working full-time for SUTTER as a Certified Nursing Assistant. Ms. SERRANO worked hard and became a trusted and valued employee. Over the six years she worked for defendant, she was an asset to the company.

10. On May 9, 2013, Ms. SERRANO informed her supervisor that she would need to take a medical leave because she was having surgery on her knee. She had been working in pain for quite some time and her doctor, who was a SUTTER physician, had determined that surgery could no longer be avoided. Because she had been working for SUTTER full time for over a year and had never taken any previous leave, Ms. SERRANO was a covered employee under both the CFRA and the FMLA and was entitled to twelve weeks of leave due to a medical condition. As she would be unable to walk after her surgery, her condition qualified as a physical

disability and qualified her for a medical leave.  She let her supervisor know that her surgery

would take place on June 12, 2013, so she gave more than the requisite thirty days of notice.

11. Mr. SERRANO also provided defendant a doctor's note supporting her need for

surgery and indicating the days she would need to take off from work.  The doctor's note read

that Ms. SERRANO "will need to be off work starting June 11, 2013 for Left Knee Surgery until

further notice." As of May 10th, defendant had notice that the leave would extend through July

31st. This is less than the twelve weeks of leave that Ms. SERRANO was entitled to.

12. Thus, defendant knew the exact dates Ms. SERRANO would need to be on leave and

the specific reason she needed to take leave.  Knee surgery that would render the patient unable

to walk would obviously meet the definition of a serious medical condition that would warrant

medical leave.  Furthermore, the request was supported, in writing, with a note from her doctor.

Notably, the surgery was performed at a SUTTER facility across the street from where Ms.

SERRANO worked and by a SUTTER doctor, so the surgery was actually performed by Ms.

SERRANO's employer at her employer's facility.  At no time, therefore, could SUTTER claim

that Ms. SERRANO had not requested leave, that it did not know why she needed leave, that it

had no documentation supporting the request for leave, nor that it did not know when she was

scheduled to take and return from leave.

13. In response to her request, SUTTER provided Ms. SERRANO with a packet that

contained a form for Ms. SERRANO to fill out so she could receive disability benefits while she

was on leave.  No other documents were provided.

14. SUTTER has subsequently taken the position that it sent Ms. SERRANO a letter on

May 7th and a package on May 13th regarding the forms it needed her to complete.  According to

SUTTER, the package allegedly contained a four page letter and included a Physician's

Certification Form as well as the disability claim form.

15. Ms. SERRANO, however, never received the May 7th letter.  As for the May 13th

package, it only contained the first page of the letter and only included the disability claim form,

1   which she filled out and returned.  Ms. SERRANO had no idea that pages and forms were

2   missing.  She was never given a Physician's Certification Form to fill out and return.  Again, the

3   surgery was being performed by a SUTTER doctor at a SUTTER facility.  Any error was

4   SUTTER's fault.

5      16.  As requested, Ms. SERRANO filled out the only form she was provided (the

6   disability claim form) and filed it as directed.  Her doctor also completed the required forms so

7   she could receive disability benefits.

8      17.  Prior to taking her leave, Ms. SERRANO never heard from Human Resources nor

9   anybody else that she had to provide any additional information.  At all times, her supervisor and

10   co-workers knew that she was going to be taking medical leave for surgery and she worked

11   diligently to make sure that her patients would be taken care of during her time away.  Her

12   supervisor even scheduled "floaters" to cover her shift for when she would be on leave.

13

14      18.  Thus, on June 11, 2013, when Ms. SERRANO did not report to work, everyone knew

15   where she was, why she was not at work, and when she would return.  There were no surprises.

16      19.  Ms. SERRANO used  a mail center located across the street from where she worked

17   as her mailing address.  She actually lived on the other side of town but she used the mail center

18   because of its convenience.  (Based on the address, defendant would know the address was for

19   the mail center rather than her apartment because the entire area across the street is a shopping

20   center.)

21      20.  Because she knew that she would be unable to travel while recovering from her knee

22   surgery, Ms. SERRANO prepaid all her bills.  This way, she would not have to travel across

23   town to check her mail.  She also provided her employer with a secondary address (her parents)

24   that could be used.  Moreover, as SUTTER knew, she could always be reached through her cell

25   phone, either by calling or texting, and by email.  While she was on leave, there were several

26   faster, simpler, and more efficient ways that Ms. SERRANO could be contacted besides a letter

27   to a mail center located on the other side of town from where she was recuperating from surgery.

28

---

21. On June 12, 2013, Ms. SERRANO had her knee surgery by the SUTTER doctor at the SUTTER facility across the street from where she worked.

22. Besides the initial packet with the disability claim form, Ms. SERRANO never heard from anybody with SUTTER again prior to taking her leave. Once on leave, she had every intention of returning to work on the day indicated by her doctor. Everyone knew what day she was supposed to return. However, late in July, and well into her leave, Ms. SERRANO received a telephone call from a co-worker. Her co-worker told her she had been terminated.

23. Shocked and in disbelief, Ms. SERRANO immediately contacted SUTTER. For the first time, Ms. SERRANO learned that SUTTER denied her request for leave. According to SUTTER, Ms. SERRANO had not filed out and returned an official Physician's Certification Form supporting her request. (The Physician's Certification Form would merely have contained the same information as already provided in Ms. SERRANO's doctor's note.) Ms. SERRANO, however, was never provided with such a form. She filled out and returned every form that was given to her. She had substantially complied with all of SUTTER's requirements for an employee to take a medical leave.

24. Before Ms. SERRANO took her leave, nobody spoke to her, called her (on her cell phone or at the office), or emailed her indicating that an additional form still needed to be completed, even though the information to be provided on said form was truly redundant. Somebody, whether that person was in Human Resources or her supervisor, could have simply walked into her office before she took her leave and handed her the missing form, or told her that she needed to complete the form. Prior to taking her leave, Ms. SERRANO was never informed that her leave was being denied.

25. On the day of Ms. SERRANO's surgery, SUTTER did not call nor email Ms. SERRANO, but, rather, sent her a letter to tell her that her request for leave was being denied. By this time, Ms. SERRANO had already undergone surgery and was on her leave. The very first time SUTTER attempted to tell Mr. SERRANO her leave was being denied was *after* she had her surgery.

26. Additionally, SUTTER sent the letter to the mail center, which, as stated above, was on the other side of town from where Ms. SERRANO lived. Because the surgery was on her knee, Ms. SERRANO could not drive across town to check her mail. This is why she had to go on medical leave in the first place and why she prepaid all her bills. Again, nobody at SUTTER called her, texted her, emailed her, nor sent any mail to her secondary address. As she still believed she was on approved medical leave, Ms. SERRANO did not see a need to check her mail at the mail center. If SUTTER, at any time, had simply picked up the phone and either texted or called her, she would have responded immediately. Ms. SERRANO never wanted to do anything that would put her job in jeopardy.

27. Rather than trying to reach her by calling her, SUTTER sent another letter to Ms. SERRANO on June 26, 2013 by mail. The letter was signed for by the clerk at the mail center and then sat in Ms. SERRANO's mail box. Just as before, Ms. SERRANO did not receive the letter because she was not checking her mail. Again, if somebody had called, texted, or emailed her, she would have responded immediately. On or about July 3rd, SUTTER terminated Ms. SERRANO for job abandonment.

28. Ms. SERRANO was employed by SUTTER for six years so her supervisor knew she would never had ignored any letters had she received them. After being informed she was being terminated, Ms. SERRANO followed SUTTER's grievance procedures. SUTTER told her it was her fault for not filling out the forms that were never provided to her, that she should have discovered SUTTER's error, and that she should have designated an agent to retrieve her mail from the mail center across town. SUTTER placed all the responsibility on Ms. SERRANO.

29. When Ms. SERRANO attempted to obtain unemployment benefits, SUTTER challenged her claim and told the EDD that Ms. SERRANO had abandoned her position and it was her fault for not catching SUTTER's mistakes. The EDD granted Ms. SERRANO's claim.

30. Ms. SERRANO provided timely notice of her need to take medical leave and provided a doctor's note to that effect. She also filled out every form that was provided to her. It

was not until she heard through the grapevine that she was being terminated that she learned that her leave was being denied.  The supposed notice that her leave was being denied was not provided until *after* she had already had her surgery.

### III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of California Fair Employment and Housing Act - Disability Discrimination

### (Against All Defendants)

31.  Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 30, inclusive, of this Complaint as if fully set forth herein.

32.  During Ms. SERRANO's employment with SUTTER the pain in her left knee became so intense that her doctor determined that she needed to undergo surgery.  The pain in her knee was preventing her from being able to walk and to be on her feet for long periods of time, which was essential to her performing her job.  Once she had her surgery, she would not be able to work for approximately six weeks while she recuperated.  Therefore, she had a physical disability as defined by the FEHA.  (Gov't C. §12926.1.)  Ms. SERRANO subsequently requested a medical leave and provide SUTTER with a doctor's note supporting her request.  After she had her surgery and while on medical leave, SUTTER denied her leave and then wrongfully terminated her.

33.  Defendants, and each of them, either individually and/or through their agents and/or supervisory employees, engaged in the above described conduct, which constitutes a pattern and practice of unlawful disability discrimination in violation of the Fair Employment and Housing Act, Government Code §§12940, et. seq., which provide that discrimination against employees on the basis of a disability is an unlawful employment practice.

34.  Defendants, and each of them, failed to comply with their statutory duty under Cal. Gov. Code §12940, et. seq., to take all reasonable and necessary steps to prevent disability

discrimination from occurring and to eliminate disability discrimination from the workplace, including but not limited to appropriate training of employees, discipline of violating employees (including termination) and/or formulation and implementation of an anti-discrimination policy.

35.  As a direct and proximate result of the disability discrimination against Ms. SERRANO as described above, Ms. SERRANO has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress, and losses in earnings and employment benefits, all to his detriment, in an amount according to proof.

36.  As a further direct and proximate result of defendants' violations of Cal. Gov. Code §12940, et. seq., as described above, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO.  Ms. SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov. Code §12965(b).

37.  The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently.  Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the discriminatory conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders.  As a result, Ms. SERRANO is entitled to recover punitive damages against all defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Encouraging Violation of California Fair Employment and Housing Act

### (Against All Defendants)

38.  Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 37, inclusive, of this Complaint as if fully set forth herein.

39. The defendants, and each of them, by refusing to take action to abate the discriminatory conduct of each of the other defendants, acted and/or failed to act and/or attempted to act in such a way as to aid, abet, incite, compel and/or coerce each of the other defendants in doing the acts prohibited by the California Fair Employment and Housing Act, as alleged above.

40. The acts and/or omissions and/or attempts of the defendants, and each of them, undertaken for the purpose of, or which had the effect of, aiding, abetting, inciting, compelling and/or coercing the other defendants to violate the Fair Employment and Housing Act, constitute unlawful conduct on the part of the defendants, and each of them, separately and apart from the discriminatory behavior itself, as provided in Cal. Gov. Code §12940(i).

41. As a direct and proximate result of the role of defendants, and each of them, in aiding, abetting, inciting, compelling and/or coercing the other defendants to discriminate against of Ms. SERRANO, as described above, Ms. SERRANO suffered and will continue to suffer embarrassment, humiliation, mental anguish, and severe mental distress.

42. As a further direct and proximate result of the role of defendants, and each of them, in aiding, abetting, inciting, compelling and/or coercing the other defendants to discriminate against Ms. SERRANO as described above, Ms. SERRANO incurred, and will continue to incur, losses in earnings and employment benefits, all to her detriment, in an amount according to proof.

43. As a further direct and proximate result of defendants violations of Cal. Gov. Code §12940, et. seq., as heretofore described, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms. SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov. Code §12965(b).

44. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently. Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders. As a result, Ms. SERRANO is entitled to recover punitive damages against all defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

### THIRD CAUSE OF ACTION

**Failure to Take All Reasonable Steps to Prevent Disability Discrimination From Occurring (Gov't Code §12940(k).)**

**(Against All Defendants)**

45. Ms. WINTER incorporates by reference and re-alleges paragraphs 1 to 44, inclusive, of this Complaint as if fully set forth herein.

46. Government Code Section 12940(k) requires an employer to take all reasonable steps to prevent discrimination from occurring. By failing to do so, as shown above, defendants subjected Ms. SERRANO to adverse employment action. Defendants knew or should have know about the discrimination of Ms. SERRANO as alleged above.

47. As a direct and proximate cause of the conduct alleged herein, Ms. SERRANO incurred, and will continue to incur, embarrassment, humiliation, mental anguish, severe emotional distress, and losses in earnings and employment benefits, all to her detriment, in an amount according to proof.

48. As a further direct and proximate result of defendants violations of Cal. Gov. Code §12940, et. seq., as heretofore described, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms.

SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov. Code §12965(b).

49. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently. Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the harassing conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders. As a result, Ms. SERRANO is entitled to recover punitive damages against defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of California Fair Employment and Housing Act

### (Against All Defendants)

50. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 49, inclusive, of this Complaint as if fully set forth herein.

51. At all relevant times, Ms. SERRANO suffered from a physical disability that did not allow her to walk or stand for long periods of time. This severely affected her ability to perform her job duties. Due to her intense knee pain, she had to have surgery and she would not be able to perform her job duties until her knee recovered from the surgery.

52. Government Code Section 12940(m) makes it unlawful "[f]or an employer or other entity... to fail to make reasonable accommodation for the known physical or mental disability of an applicant of employee."

53. As set forth above, Ms. SERRANO sought reasonable accommodation, including, without limitation, unpaid leave, to have and recover from surgery. Rather than accommodating her, SUTTER terminated her while she was on such unpaid leave.

54. As a direct and proximate cause of the conduct alleged herein, Ms. SERRANO incurred, and will continue to incur, embarrassment, humiliation, mental anguish, severe emotional distress, and losses in earnings and employment benefits, all to her detriment, in an amount according to proof.

55. As a further direct and proximate result of defendants violations of Cal. Gov. Code §12940, et. seq., as heretofore described, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms. SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov. Code §12965(b).

56. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently. Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the harassing conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders. As a result, Ms. SERRANO is entitled to recover punitive damages against defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

## FIFTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of California Fair Employment and Housing Act**

**(Against All Defendants)**

57. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 56, inclusive, of this Complaint as if fully set forth herein.

58. At all relevant times, Ms. SERRANO suffered from a physical disability that did not allow her to walk or stand for long periods of time. This severely affected her ability to perform

1   her job duties.  Due to her intense knee pain, she had to have surgery and she would not be able

2   to perform her job duties until her knee recovered from the surgery.  She timely gave SUTTER

3   notice of her need for surgery, the time she would be away from work, and a doctor's note

4   supporting her request for leave.

5       59.  Government Code Section 12940(n) makes it unlawful "[f]or an employer or other

6   entity covered by this part to fail to engage in a timely, good faith interactive process with the

7   employee or applicant to determine effective reasonable accommodations, if any, in response to a

8   request for reasonable accommodation by an employee or applicant with a known physical or

9   mental condition."

10

11      60.  Government Code Section 12926.1(e) states, "The Legislature affirms the importance

12  of the interactive process between the applicant or employee and the employer in determining a

13  reasonable accommodation, as the requirement has been articulated by the Equal Employment

14  Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

15      61.  As set forth above, Ms. SERRANO sought reasonable accommodation, including,

16  without limitation, unpaid leave, to have and recover from surgery.  She filled out every form

17  that was provided to her.  Rather than engaging in a timely good faith process, SUTTER waited

18  until Ms. SERRANO was leave, denied her leave, and  terminated her while she was on such

19  unpaid leave for her disability.

20      62.  As a direct and proximate cause of the conduct alleged herein, Ms. SERRANO

21  incurred, and will continue to incur, embarrassment, humiliation, mental anguish, severe

22  emotional distress, and losses in earnings and employment benefits, all to her detriment, in an

23  amount according to proof.

24

25      63.  As a further direct and proximate result of defendants violations of Cal. Gov. Code

26  §12940, et. seq., as heretofore described, Ms. SERRANO has been compelled to retain the

27  services of counsel in an effort to enforce the terms and conditions of her employment

28  relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and

costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms.

SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal.

Gov. Code §12965(b).

64. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently. Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the harassing conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders. As a result, Ms. SERRANO is entitled to recover punitive damages against defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

## SIXTH CAUSE OF ACTION

### Violation of Government Code 12945.2 - California Family Rights Act

### (Against All Defendants)

65. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 64, inclusive, of this Complaint as if fully set forth herein.

66. At all relevant times, Ms. SERRANO suffered from a physical disability that did not allow her to walk or stand for long periods of time. This severely affected her ability to perform her job duties. Due to her intense knee pain, she had to have surgery and she would not be able to perform her job duties until her knee recovered from the surgery. Therefore, she had a serious health condition that make her unable to perform her work duties.

67. More than thirty days before her scheduled surgery, Ms. SERRANO gave SUTTER notice of her need for surgery, the time she would be away from work, and a doctor's note supporting her request for leave. The doctor's note apprised SUTTER of her condition, the duration she would need to take time off work, and that Ms. SERRANO would be unable to work during that time.

68. SUTTER employs fifty or more employees within seventy-five miles of Ms. SERRANO's workplace, making SUTTER a covered employer under the California Family Rights Act ("CFRA") (Gov't C. §12945.1(2)(A).).

69. Starting in 2007, Ms. SERRANO began working full time for SUTTER as a Certified Nursing Assistant.  Therefore, she is a covered employee under the CFRA (2 Cal. Code Regs §11087(e).).

70. Therefore, Ms. SERRANO was entitled to take up to twelve weeks of CFRA leave.

71. Government Code Section 12945.2(l) makes it unlawful for an employer "to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, and individual because of... [a]n individual's exercise of the right to family care and medical leave...."

72. As set forth above, Ms. SERRANO sought reasonable accommodation, including, without limitation, unpaid leave, to have and recover from surgery.  She filled out every form that was provided to her.  SUTTER waited until Ms. SERRANO was on leave, denied her leave, and terminated her while she was on such unpaid leave for her disability.

73. As a direct and proximate cause of the conduct alleged herein, Ms. SERRANO incurred, and will continue to incur, embarrassment, humiliation, mental anguish, severe emotional distress, and losses in earnings and employment benefits, all to her detriment, in an amount according to proof.

74. As a further direct and proximate result of defendant's violations of Cal. Gov. Code §12940, et. seq., as heretofore described, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms. SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by Cal. Gov. Code §12965(b).

75. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently. Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the harassing conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized or ratified the wrongful conduct of the offenders. As a result, Ms. SERRANO is entitled to recover punitive damages against defendants.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION

### Violation of Family Medical Leave Act

### (Against All Defendants)

76. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 75, inclusive, of this Complaint as if fully set forth herein.

77. At all relevant times, Ms. SERRANO suffered from a physical disability that did not allow her to walk or stand for long periods of time. This severely affected her ability to perform her job duties. Due to her intense knee pain, she had to have surgery and she would not be able to perform her job duties until her knee recovered from the surgery. Therefore, she had a serious health condition that make her unable to perform her work duties.

78. More than thirty days before her scheduled surgery, Ms. SERRANO gave SUTTER notice of her need for surgery, the time she would be away from work, and a doctor's note supporting her request for leave. The doctor's note apprised SUTTER of her condition, the duration she would need to take time off work, and that Ms. SERRANO would be unable to work during that time.

79. SUTTER employs fifty or more employees within seventy-five miles of Ms. SERRANO's workplace, making SUTTER a covered employer under the Family Medical Leave Act ("FMLA") (29 USC §2611(4)(A).)

80. Starting in 2007, Ms. SERRANO began working full time for SUTTER as a Certified Nursing Assistant.  Therefore, she is a covered employee under the FMLA (29 USC §2611(2)((A).)

81. Therefore, Ms. SERRANO was entitled to take up to twelve weeks of FMLA leave. (29 USC §2612(a)(1).)

82. On return from her leave, Ms. SERRANO was entitled to be reinstated to her position. (29 USC §2614(a)(1).)

83. As set forth above, Ms. SERRANO sought reasonable accommodation, including, without limitation, unpaid leave, to have and recover from surgery.  She filled out every form that was provided to her.  SUTTER waited until Ms. SERRANO was on leave, denied her leave, and terminated her while she was on such unpaid leave for her disability.

84. As a direct and proximate cause of the conduct alleged herein, Ms. SERRANO incurred, and will continue to incur, embarrassment, humiliation, mental anguish, severe emotional distress, and losses in earnings and employment benefits, all to her detriment, in an amount according to proof.

85. As a further direct and proximate result of defendant's violations of the FMLA, as heretofore described, Ms. SERRANO has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of are presently unknown to Ms. SERRANO, and Ms. SERRANO is therefore entitled to reasonable attorneys' fees and costs of suit as provided by 29 USC §2617(a)(3).

86. The acts of every defendant alleged above were done maliciously, oppressively, and/or fraudulently.  Defendants either intentionally personally engaged in such outrageous misconduct, as alleged herein, or had advance knowledge of the harassing conduct of the other agents and supervisory employees but nevertheless failed to take action to abate the wrongful conduct, with conscious disregard of the rights of Ms. SERRANO, and/or otherwise authorized

1    or ratified the wrongful conduct of the offenders.  As a result, Ms. SERRANO is entitled to

2    recover punitive damages against defendants.

3              WHEREFORE, Ms. SERRANO prays for relief as set forth below.

4                                   **EIGHTH CAUSE OF ACTION**

5                            **Intentional Infliction of Emotional Distress**

6                                   **(Against All Defendants)**

7         87.  Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 86,

8    inclusive, of this Complaint as if fully set forth herein.

9

10        88.  In discriminating against Ms. SERRANO due to physical disability, denying her

11   medical leave, and then eventually wrongfully terminating her, as alleged above,  defendants, and

12   each of them, abused their special position as Ms. SERRANO's superiors, which vested them

13   with substantial power to control her work environment and to damage her interests and well

14   being.

15        89.  Through the outrageous conduct described above, defendants, and each of them,

16   acted with the intent to cause, or with reckless disregard for the probability of causing, Ms.

17   SERRANO to suffer severe emotional distress.

18        90.  As a direct, proximate and foreseeable result of defendants' actions, Ms. SERRANO

19   has suffered and will continue to suffer humiliation, embarrassment, pain and suffering, extreme

20   and severe mental anguish, and emotional distress; she has suffered and will continue to suffer a

21   loss of earnings and other employment benefits and job opportunities.  Ms. SERRANO is thereby

22   entitled to general and compensatory damages in amounts to be proved at trial.

23        91.  Defendants' conduct as described herein was malicious and oppressive, and done

24   with a conscious disregard of Ms. SERRANO's rights.  The acts of defendants, and each of them,

25   were performed with the knowledge of an employer's economic power over its employees.

26   Defendants, and each of them, through their officers, managing agents and supervisors,

27

28

---

1 authorized, condoned and ratified the unlawful conduct of the defendants in this action.

2 Consequently, Ms. SERRANO is entitled to punitive damages from all defendants.

3 WHEREFORE, Ms. SERRANO prays for relief as set forth below.

4 ### NINTH CAUSE OF ACTION

5 ### Breach of Contract

6 ### (Against All Defendants)

7 92. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 91,

8
9 inclusive, of this Complaint as if fully set forth herein.

10 93. Ms. SERRANO was employed by defendants under an oral and express contract of

11 employment which was modified and re-enforced by certain policies, practices, assurances and

12 other express and implied statements of defendants.  In said contract, it was implicitly agreed that

13 Ms. SERRANO would not be impeded in her job duties and would be provided a working

14 environment free from discrimination.  Ms. SERRANO entered into said contract, *inter alia*, to

15 secure peace of mind and financial stability, and refrained from seeking employment elsewhere

16 in reliance thereon.

17 94. At all times mentioned herein, Ms. SERRANO performed her obligations under a

18 contract with defendants.  Defendants breached their express and implied contractual

19 commitments to Ms. SERRANO by their conduct as described above.

20 95. Ms. SERRANO was discharged in breach of her contract with defendants.  SUTTER

21 did not make any attempt to inform Ms. SERRANO that her leave was being denied until after

22 she had taken leave and undergone surgery.  Instead of trying to call, text, or email her, they sent

23 a letter to a mail center on the other side of town from where she lived.  Defendants refused  to

24 give Ms. SERRANO the opportunity to succeed at her job and discharged her in breach of the

25 promises made to her and in violation of public policy.

26 96. As a direct, foreseeable, and proximate result of defendants' breach, Ms. SERRANO

27 has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and

28

expenses incurred in the search for comparable employment in an amount presently unknown, the precise amount of which will be proven at trial.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

## TENTH CAUSE OF ACTION

### Breach of The Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

97. Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 96, inclusive, of this Complaint as if fully set forth herein.

98. The law imposed duties on defendants, in connection with the employment agreement, to act fairly and in good faith towards Ms. SERRANO. Defendants covenanted to give full cooperation to Ms. SERRANO in her performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent Ms. SERRANO from receiving the benefits of the employment agreement. As a result of the employment relationship which existed between Ms. SERRANO and defendants, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, defendants promised to act in good faith toward and deal fairly with Ms. SERRANO which requires, among other things, that:

(a) Each party in the relationship would act with good faith toward the other concerning all matters related to the employment;

(b) Each party in the relationship would act with fairness toward the other concerning all matters related to the employment;

(c) Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d) Defendants would similarly treat employees who are similarly situated;

(e)     Defendants would comply with their own representations, rules, policies, and procedures in dealing with Ms. SERRANO;

(f)     Defendants would not terminate Ms. SERRANO without a fair and honest cause, regulated by good faith on defendants' part;

(g)     Defendants would not terminate Ms. SERRANO in an unfair manner; and

(h)     Defendants would give Ms. SERRANO's interests as much consideration as they gave their own interests.

99.  Ms. SERRANO undertook and continued employment, and duly performed all of the conditions of the employment agreement to be performed by her until prevented from further performance by defendants.  Ms. SERRANO had at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by her.  Ms. SERRANO performed all conditions precedent to defendants' performance of their obligations under the contract.  Ms. SERRANO's performance was at all times satisfactory.

100.  Defendants' discharge of Ms. SERRANO was wrongful, in bad faith, and unfair, and therefore a violation of defendants' legal duties.  Ms. SERRANO further alleges that defendants breached the covenant of good faith and fair dealing when they:

(a)     Failed to prevent disability discrimination in the workplace from occurring and preventing it once it had occurred, including denying her statutorily mandated medical leave;

(b)     Unfairly prevented Ms. SERRANO from obtaining the benefits of her employment relationship; and

(c)     Discharged Ms. SERRANO in violation of public policy.

101.  Defendants' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Ms. SERRANO.  At the time the parties entered into the employment contract as alleged herein above, it was known and understood, and within the reasonable contemplation of the parties, that, in the event of a breach, Ms. SERRANO would suffer loss of earnings and economic damage.  As a direct and proximate result of defendants'

1  unlawful conduct alleged in this Complaint, Ms. SERRANO has lost substantial employment

2  benefits, including loss of reputation, lost wages, and other employee fringe benefits in an

3  amount presently unknown, the precise amount of which will be proven at trial.

4       WHEREFORE, Ms. SERRANO prays for relief as set forth below.

5       **ELEVENTH CAUSE OF ACTION**

6       **Wrongful Termination in Violation of Public Policy**

7       **(Against All Defendants)**

8
9       102.  Ms. SERRANO incorporates by reference and re-alleges paragraphs 1 to 101,

10  inclusive, of this Complaint as if fully set forth herein.

11       103.  Ms. WINTER was terminated in violation of the Fair Employment and Housing

12  Act, Government Code §12940, et. seq., the Family Medical Leave Act, and Article 1, Section 8

13  of the California Constitution.  Ms. SERRANO was on medical leave for her disability.

14  Defendants denied her leave and then fired her while on her leave.

15       104.  As a direct and proximate result of defendants' wrongful termination of Ms.

16  SERRANO in violation of public policy, Ms. SERRANO has suffered and will continue to suffer

17  humiliation, embarrassment, pain and suffering, and extreme and severe mental anguish and

18  emotional distress.  Ms. SERRANO has suffered and will continue to suffer a loss of earnings

19  and other employment benefits and job opportunities.  Ms. SERRANO is thereby entitled to

20  general and compensatory damages in amounts to be proven at trial.

21       105.  Ms. SERRANO is informed and believes, and thereupon alleges, that the

22  outrageous conduct of defendants described above was done with malice, fraud and oppression;

23  with conscious disregard for her rights; and with the intent, design and purpose of injuring her.

24  The acts of defendants were performed with the knowledge of an employer's economic power

25  over its employees.  Defendants, through their officers, managing agents and/or supervisors

26  authorized, condoned and/or ratified the unlawful conduct of all of the other defendants named in

27  this action.  By reason thereof, Ms. SERRANO is entitled to punitive or exemplary damages

28  from all defendants in a sum according to proof at trial.

WHEREFORE, Ms. SERRANO prays for relief as set forth below.

IV.

### PRAYER AND DEMAND

WHEREFORE, Ms. SERRANO prays for judgment in her favor against defendants and demands as follows:

1.   For compensatory damages, including but not limited to emotional distress damages, according to proof;

2.   For general damages, according to proof;

3.   For special damages, according to proof;

4.   For punitive damages;

5.   For attorneys' fees and costs;

6.   For prejudgment interest on all amounts claimed; and

7.   For any other and further relief that the court considers proper.

Dated: June 30, 2015                    CRABTREE SCHMIDT

By _____
    MICHAEL R. DENNIS
    Attorneys for Plaintiff, CARMEN SERRANO

# EXHIBIT B

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** SUTTER GOULD MEDICAL FOUNDATION;
*(AVISO AL DEMANDADO):* and DOES 1 through 50

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

15 JUL -1  PM 3: 31

ROSA JUNQUEIRO, CLERK

By NATALIE SUSICH
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** CARMEN SERRANO
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: 39-2015-00327752-CU-WT-STK |
|---|---|

San Joaquin County Superior Court
222 E. Weber Ave., #303
P.O. Box 201022
Stockton, CA 95201

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael R. Dennis, SBN 215970          (209) 522-5231     (209) 526-0632
CRABTREE SCHMIDT
1100 - 14th St., Suite E, 2nd Floor
Modesto, CA 95354

DATE: JUL 0 1 2015      ROSA JUNQUEIRO    Clerk, by  NATALIE SUSICH                    , Deputy
*(Fecha)*                                 *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SUTTER GOULD MEDICAL FOUNDATION

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 8-5-15

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael R. Dennis, SBN 215970
CRABTREE SCHMIDT
1100 - 14th St., Suite E, 2nd Floor
P.O. Box 3307
Modesto, CA 95354
TELEPHONE NO.: (209)522-5231   FAX NO.: (209)526-0632
ATTORNEY FOR (Name): CARMEN SERRANO

*FILED*

15 JUL -1 PM 3: 32

ROSA JUNQUEIRO, CLERK

BY_____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Ave., #303
MAILING ADDRESS: P.O. Box 201022
CITY AND ZIP CODE: Stockton, CA 95201
BRANCH NAME:

CASE NAME: Carmen Serrano v. Sutter Gould Medical Foundation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 39-2015-00327752-CU-WT-STK |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: LINDA L. LOFTHUS<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action (specify): 11

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 30, 2015

Michael R. Dennis, SBN 215970
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA

### SAN JOAQUIN
**222 E Weber Avenue**
**Stockton , CA 95202**
**(209) 992-5693**

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **39-2015-00327752-CU-WT-STK**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/28/2015 | | Time: 08:30:00 AM | |
|---|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | | **PHONE** |
| Hon. Linda L Lofthus | STOCKTON | 11 | | (209) 992-5693 |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**
    See attached ADR packet.

**Ex Parte Matters**
    See attached ADR packet.

**Noticed Motions**
    At least one party demanding a jury trial on each side must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute. CCP 631(b)

**Other Information**
    See attached ADR packet.

Date: 07/28/2015

Natalie Susich _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

V3 INIT 100 (June 2004)

COURT SCHEDULE – ATTACHMENT TO NOTICE OF CASE ASSIGNMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE

The following is the scheduling information for civil cases in the San Joaquin County Court Branches. If the case already has a number you must call and reserve all types of hearings at the appropriate branch.

STOCKTON BRANCH – (209) 992-5714 (Reservations Only), (209) 992-5693 (General Civil)

| CMC | Judge Kronlund | Monday-Friday, 8:45am | Dept 42 |
|---|---|---|---|
| | Judge Ross | Monday-Friday, 8:30am | Dept 13 |
| | Judge Holly | Monday-Friday, 8:45am | Dept 41 |
| | Judge Lofthus | Monday-Friday, 8:30am | Dept 11 |
| | | | |
| Law & Motion | Judge Kronlund | Tuesday-Friday, 9:00am | Dept 42 |
| | Judge Ross | Tuesday-Friday, 9:00am | Dept 13 |
| | Judge Holly | Tuesday-Thursday, 9:00am | Dept 41 |
| | Judge Lofthus | Tuesday-Friday, 9:00am | Dept 11 |
| | | | |
| Ex Parte | Judge Kronlund | Monday-Friday, 8:30am and 1:15pm | Dept 42 |
| | Judge Ross | Monday-Friday, 8:45am | Dept 13 |
| | Judge Holly | Monday-Thursday, 9:15 am | Dept 41 |
| | Judge Lofthus | Monday-Friday, 1:15 pm | Dept 11 |

1.  You must:
    a.  **Serve all named defendants** and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110)
    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.
    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724
    d.  **Collection cases** are managed pursuant to CRC 3.740.
2.  You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.sjcourts.org for more information regarding civil cases, local rules and forms.

Effective: February, 2015

Civil Court Schedule 2015

# EXHIBIT E



# You Don't Have to Sue

## Here Are Some Other Ways

to Resolve a Civil Dispute

Presented by the
Judicial Council of California
and the
State Bar of California

March 1998

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

2

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be

3

effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### • MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Media-

tion also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### • ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

4

5

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are

6

most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrators" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

7

*CIVIL
MEDIATION
PROGRAM*



Superior Court of
San Joaquin County
222 E. Weber Avenue
P.O. Box 201022
Stockton, Ca 95201
(209)468-2878
(209)468-8576 fax
www.stocktoncourt.org

# *Civil Mediation Program*

The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcomes of their own cases.  The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.

## What is mediation?

Mediation is an informal, confidential, flexible and non-binding process in which an impartial person called a "mediator" helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to:

- communicate better,
- explore legal and practical settlement options, and
- reach an acceptable solution of the dispute.

The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**

## Why mediate?

- Mediation is a voluntary, confidential process.
- Mediators do not give legal advice and will not judge you on your case.
- Mediation could SAVE you TIME and MONEY, if it is used early.
- Mediation reduces conflict and hostility, whereas trials may increase these feelings.
- Mediation provides high satisfaction with results, because you participate and express your personal interests and concerns.

## Which cases qualify for Mediation?

All types of general civil cases qualify and may benefit from the mediation process.  Parties may request or stipulate to mediation at any point in the case.

## Who are the Mediators?

Mediators are experienced attorneys who have completed a Court-approved formal mediation training program.  Please contact the Civil Mediation Program Manager or visit the court's website for a list of approved mediators.

**Parties mutually agree on a mediator and schedule the mediation session directly with the mediator.**  If you would like a copy of the San Joaquin County Superior Court's Civil Mediation Panelist List, you may visit the Court's website at www.stocktoncourt.org or contact the Program Manager at (209)468-2878 or sbohrer@sjcourts.org.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**          ☐ **LIMITED CASE** (Amount demanded               (Amount demanded is $25,000 exceeds $25,000)                  or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                      Time:                   Dept.:               Div.:                    Room:
Address of court *(if different from the address above)*:

☐  **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not)*:
       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:
       (3) ☐  have had a default entered against them *(specify names)*:
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Legal
Solutions
Plus
Cal. Rules of Court,
rules 3.720–3.730

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

                                                ☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch | ☐ MANTECA Branch | ☐ TRACY Branch | ☐STOCKTON Branch |
|---|---|---|---|
| 315 W. Elm St.<br>Lodi, CA 95240 | 315 E. Center St.<br>Manteca, CA 95336 | 475 E. 10th St.<br>Tracy, CA 95376 | 222 E. Weber Ave.<br>Stockton, CA 95202 |

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                                          ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12 _____

☐Binding Arbitration (private)                         _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes        ☐ No

**Neutral's name and telephone number:** _____ /(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.   **Location of ADR Session:** _____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

| | |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED: Dated:_____

_____
Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____ **at** _____ **a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)

# EXHIBIT F

FILED
SUPERIOR COURT - STOCKTON

2015 SEP -4 PM 12: 50

ROSA JUNQUEIRO, CLERK

BY ————— DEPUTY

1   HANSON BRIDGETT LLP
    JAHMAL T. DAVIS, SBN 191504
2   jdavis@hansonbridgett.com
    ASHLEY A. BALTAZAR, SBN 284921
3   abaltazar@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, California 94105
    Telephone:   (415) 777-3200
5   Facsimile:   (415) 541-9366

6   Attorneys for Defendant
    SUTTER GOULD MEDICAL FOUNDATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN JOAQUIN

10

11  CARMEN SERRANO,                    CASE NO. 39-2015-00327752-CU-WT-STK

12          Plaintiff,                 Assigned for All Purposes to the
                                       Hon. Linda L. Lofthus
13      v.                             Dept.:   11

14  SUTTER GOULD MEDICAL
    FOUNDATION; and DOES 1 through     **DEFENDANT SUTTER GOULD MEDICAL
15  50,                                FOUNDATION'S ANSWER TO
                                       COMPLAINT**
16          Defendants.

17                                     Action Filed:   July 1, 2015
                                       Trial Date:     None Set
18

19          Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure,

20  Defendant Sutter Gould Medical Foundation ("Defendant") answers the Complaint of

21  Plaintiff Carmen Serrano("Plaintiff").  Defendant denies, both generally and specifically,

22  each and every allegation of the Complaint and denies that Plaintiff is entitled to any relief

23  whatsoever.

24                          <u>AFFIRMATIVE DEFENSES</u>

25          Defendant pleads the following separate defenses.  Defendant reserves the right

26  to assert additional affirmative defenses that discovery indicates are proper.

27  / / /

28  / / /

11504979.1

By Fax

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. The Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2. The Complaint and each purported cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, Government Code sections 12960 and 12965(b) and California Code of Civil Procedure Sections 338, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

3. The Court lacks jurisdiction of the subject matter of the causes of action alleged in Plaintiff's Complaint to the extent that Plaintiff claims damages for emotional and mental or physical distress sustained in the course of employment, in that these claims are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

4. The Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims are barred because Plaintiff failed has failed to fulfill the statutory prerequisites to suit, including properly and timely exhausting her administrative remedies.

/ / /

/ / /

/ / /

1

### FIFTH AFFIRMATIVE DEFENSE

2

#### (Complaint Exceeds Scope of Administrative Charge)

3     5.     To the extent that Plaintiff alleges a cause of action under the Fair

4 Employment and Housing Act that exceeds the scope of the administrative charge filed

5 with the Department of Fair Employment and Housing, if any, such cause of action is

6 barred by Plaintiff's failure to exhaust her administrative remedies.

7

### SIXTH AFFIRMATIVE DEFENSE

8

#### (Conduct Is Time-Barred)

9     6.     To the extent that Plaintiff alleges or relies upon acts or omissions occurring

10 more than one year before the filing of a claim with the Department of Fair Employment

11 and Housing, if any, Plaintiff's causes of action based upon such conduct are barred.

12

### SEVENTH AFFIRMATIVE DEFENSE

13

#### (Good Cause)

14     7.     Defendant's actions toward Plaintiff were based on good, sufficient, and

15 legal cause, upon reasonable grounds for belief in their truth or justification, and were

16 taken in good faith and without malice.

17

### EIGHTH AFFIRMATIVE DEFENSE

18

#### (Legitimate Business Reason)

19     8.     The Complaint, and each and every cause of action alleged therein, is

20 barred, in whole or in part, because Defendant had legitimate, non-discriminatory, and

21 non-retaliatory reasons for all actions taken regarding Plaintiff and Plaintiff's employment,

22 and would have made the same employment decisions concerning Plaintiff absent any

23 discriminatory or retaliatory motive.

24

### NINTH AFFIRMATIVE DEFENSE

25

#### (No Substantial Factor)

26     9.     The Complaint is barred, in whole or in part, because discrimination was not

27 a substantial factor motivating any employment decision with respect to Plaintiff.

28 / / /

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Consent)

3     10.    The Complaint and each purported cause of action contained therein,

4 Defendant alleges that Plaintiff is barred from prosecuting the purported causes of action

5 set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on

6 his behalf, consented to and acquiesced in the subject conduct.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

### (Laches)

9     11.    The Complaint and each purported cause of action contained therein,

10 Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the

11 purported causes of action set forth in the Complaint by the doctrine of laches.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Waiver and Estoppel)

14     12.    As a result of Plaintiff's own acts and/or omissions, Plaintiff has waived any

15 right which he may have had to recover, and/or is estopped from recovering, any relief

16 sought by the Complaint and each cause of action alleged therein, against Defendant.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

### (Comparative Fault)

19     13.    Plaintiff's injuries, if and to the extent they occurred, were caused or

20 contributed to by Plaintiff's own recklessness, carelessness, and/or negligence, and

21 Plaintiff's recovery must therefore be reduced by Plaintiff's comparative fault.

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### (Failure to Mitigate)

24     14.    Plaintiff is not entitled to recover damages, if any, to the extent that Plaintiff

25 failed to mitigate or reasonably attempt to mitigate her damages as required by law.

26 / / /

27 / / /

28 / / /

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

#### (Insufficient Facts to Support Claim for Punitive Damages)

3       15.     The Complaint, and each and every cause of action contained therein, fails

4   to set forth facts sufficient to constitute a claim for punitive damages against Defendant.

5   Further, to the extent that Plaintiff seeks punitive damages, the Complaint violates

6   Defendant's right to procedural due process under the Fourteenth Amendment of the

7   United States Constitution and the Constitution of the State of California. Further, it

8   violates Defendant's right to protection from "excessive fines" as provided in the Eighth

9   Amendment to the United States Constitution in Article I, § 17 of the State of California,

10  and violates Defendant's right to substantive due process as provided in the Fifth and

11  Fourteenth Amendments to the United States Constitution and the California Constitution.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13

#### (No Entitlement to Attorneys' Fees)

14      16.     To the extent the Complaint seeks attorneys' fees in connection with

15  Plaintiff's prayer for relief, such claim for attorneys' fees is barred by, among other laws,

16  the federal and California constitutions, including, but not limited to, provisions requiring

17  due process and prohibiting excessive fines.

18

### SEVENTEENTH AFFIRMATIVE DEFENSE

19

#### (Unclean Hands)

20      17.     The Complaint and each purported cause of action contained therein, is

21  barred in whole or in part from prosecuting the purported causes of action set forth in the

22  Complaint by the doctrine of unclean hands.

23

### EIGHTEENTH AFFIRMATIVE DEFENSE

24

#### (Undue Hardship)

25      18.     Plaintiff's claims are barred, in whole or in part, to the extent that

26  accommodations requested by Plaintiff, if any, were unreasonable and would have

27  imposed an undue hardship on the operation of Defendant's business.

28  / / /

1

### NINETEENTH AFFIRMATIVE DEFENSE

2

**(No Certification)**

3      19.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff

4    did not provide a health-care provider's certification of her need for leave within the time

5    set by Defendant or as soon as reasonably possible.

6

### TWENTIETH AFFIRMATIVE DEFENSE

7

**(Failure to Engage In the Interactive Process)**

8      20.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff

9    failed to engage in the interactive process with Defendant to determine whether any

10    effective reasonable accommodation was possible that would not endanger Plaintiff's

11    health or safety, or the health or safety of others.

12

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13

**(Plaintiff Unable to Perform the Essential Functions of Her Position)**

14      21.     Plaintiff's causes of action are barred, in whole or in part, to the extent that

15    Plaintiff was unable, even with reasonable accommodation, to perform the essential

16    functions of the position she held in a manner that would not endanger her health or

17    safety, or the health or safety of others.

18

### TWENTY-SECOND AFFIRMATIVE DEFENSE

19

**(Failure of Consideration)**

20      22.     The Complaint and each purported cause of action contained therein, is

21    barred in whole or in part, to the extent that any performance due by the Defendant under

22    any contract alleged in the Complaint was excused by failure of consideration.

23

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24

**(Statute of Frauds)**

25      23.     The Complaint and each purported cause of action contained therein,

26    Defendant alleges that Plaintiff's claims are barred by the statute of frauds.

27    / / /

28    / / /

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Unknown Defenses)

3    24.    Defendant may have other separate and/or additional defenses of which it

4  is not presently aware and hereby reserves the right to assert such defenses by

5  amendment to this Answer as discovery continues.

6    WHEREFORE, Defendant prays for relief as follows:

7    1.    That the Complaint be dismissed, in its entirety,, with prejudice;

8    2.    That Plaintiff take nothing by reason of this Complaint and that judgment be

9  entered against Plaintiff and in favor of Defendant;

10    3.    That Defendant be awarded its costs incurred in defending this action;

11    4.    That Defendant be granted such other and further relief as the Court may

12  deem just and proper.

13  DATED:  September 4, 2015              HANSON BRIDGETT LLP

14

15                                                      By:_____

16                                                      JAHMAL T. DAVIS
                                                      ASHLEY A. BALTAZAR
                                                      Attorneys for Defendant
17                                                    SUTTER GOULD MEDICAL FOUNDATION

18

19

20

21

22

23

24

25

26

27

28

-7-        CASE NO. 39-2015-00327752-CU-WT-STK
                  DEFENDANT SUTTER GOULD MEDICAL FOUNDATION'S ANSWER TO COMPLAINT

1

<u>PROOF OF SERVICE</u>

2  STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3       At the time of service, I was over 18 years of age and **not a party to this action**.  I
   am employed in the County of San Francisco, State of California.  My business address
4  is 425 Market Street, 26th Floor, San Francisco, CA  94105.

5       On **September 4, 2015**, I served a true copy of the following document(s)
   described as:

6

7  DEFENDANT SUTTER GOULD MEDICAL FOUNDATION'S
   ANSWER TO COMPLAINT

8  on the interested parties in this action as follows:

9       Michael R. Dennis, Esq.              *(Attorneys for Plaintiff)*
         Crabtree Schmidt
10       1100 14th Street, Suite E, 2nd Floor
         Modesto, CA  95354

11

12       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package
   addressed to the person(s) at the address(es) listed above and placed the envelope for
13  collection and mailing, following our ordinary business practices.  I am readily familiar
   with Hanson Bridgett LLP's practice for collecting and processing correspondence for
14  mailing.  On the same day that the correspondence is placed for collection and mailing, it
   is deposited in the ordinary course of business with the United States Postal Service, in a
15  sealed envelope with postage fully prepaid.

16       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

17

        Executed on **September 4, 2015**, at San Francisco, California.

18

19

                              *Ann D. Ghiorso*
20                            Ann D. Ghiorso

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3        At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California.  My business address

4    is 425 Market Street, 26th Floor, San Francisco, CA  94105.

5        On **September 4, 2015**, I served a true copy of the following document(s) described as:

6

7    **DEFENDANT SUTTER GOULD MEDICAL FOUNDATION'S NOTICE OF REMOVAL**

8    on the interested parties in this action as follows:

9        Michael R. Dennis, Esq.        *(Attorneys for Plaintiff)*
    Crabtree Schmidt

10       1100 14th Street, Suite E, 2nd Floor
    Modesto, CA  95354

11

12       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar

13   with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it

14   is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16       **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

17   Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

18

19       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

20

21       Executed on **September 4, 2015**, at San Francisco, California.

22

23       *Ann D. Ghiorso*
        Ann D. Ghiorso

24

25

26

27

28

11517495.1